**(127 So. 881)**

**STATE v. MURPHY.**

**No. 30517.**

March 31, 1930.

M. C. Rownd, of Springfield, and Robert M. McGehee, of Farmerville, for appellant.

Percy Saint, Atty. Gen., A. L. Ponder, Jr., Dist. Atty., of Amite, and E. R. Schowalter, Asst. to Atty. Gen., for the State.

ROGERS, J.

On a charge of murder the jury found a qualified verdict, and the defendant has appealed.

The undisputed facts are as follows, viz.: The deceased and several other persons were reported to a deputy sheriff as disturbing the peace on a public road a few miles from the village of Albany. The sheriff requested the defendant to go with him and aid in making the arrest, which defendant consented to do. The arrest was made, and the deceased was brought to a justice of the peace at Albany. While the sheriff went into the office of the justice of the peace to make his affidavit and procure a warrant, the deceased was left in charge of the defendant. They went into a restaurant to get some coffee, and, while drinking the coffee, the deceased eased out of the restaurant and began to run. The defendant called on him to halt, and, on his failure to do so, fired twice, the second shot striking the deceased and fatally injuring him.

After the second shot was fired and had struck the deceased, a bystander, Louis R. Kimball, remarked to another bystander out of the presence and hearing of the defendant, "I think Mr. Murphy has made a mistake." Kimball testified as a witness for the state, which offered his statement in evidence, over defendant's objection, as part of the res gestæ. This testimony, the objection thereto, and the adverse ruling on the objection are the basis for defendant's bill of exception No. 3. We think the bill is well founded and constitutes reversible error.

In his statement per curiam, the trial judge sets forth that he anticipated the district attorney was attempting to prove an involuntary exclamation; otherwise, he would have ruled it out, and did rule out all further testimony along this line. The trial judge also declares that the testimony was absolutely harmless, for making a mistake as the witness testified does not charge criminality.

We do not find it necessary to determine whether a witness, not a participant, but a mere looker-on, in a transaction, may testify concerning a statement or declaration made by him out of the presence of the accused as part of the res gestæ. The statement objected to in this case was that of a mere observer. It did not involve any question of fact. It merely announced the opinion or conclusion of the witness with respect to the occurrence he had observed. Hence, the testimony was clearly inadmissible. The trial judge, according to his statement per curiam, admits this, but sets forth that the defendant was not injured, because to charge him with making a mistake was not the same as charging him with committing a crime.

Our views are not in accord with those of the trial judge. If the witness had intended to convey the idea that through defendant's mistake the deceased had been accidentally shot, we think the trial judge's appreciation of the circumstance would be correct. But we do not so construe the statement of the witness.

Kimball had served as clerk of court for one term and as sheriff of the parish for two terms. He was familiar with the respective rights of law officers and persons in their custody. Hence, we think that his statement was intended to announce his belief that the defendant had made a mistake as to his lawful powers as custodian of the deceased when he shot the deceased.

This view of Kimball's statement becomes important when account is taken of the theory of the defense. According to this theory, the defendant was summoned from his home by an officer of the law to assist him in arresting the deceased, who was committing an unlawful act; that it was necessary to use force in effecting the arrest; that when the deceased sought to escape, the defendant, in whose charge he was under orders of the sheriff, was justified in believing that he could use any reasonable means to prevent deceased's escape; that in the exercise of that belief, he pursued the deceased, calling upon him to halt; and that, upon deceased's failing to comply with his demand, he fired two shots—one in the air, and the other, as he thought, to the right of his escaping prisoner, which latter shot, contrary to his intention, struck and fatally wounded the deceased; that defendant acted in good faith throughout the transaction.

It may safely be presumed, we think, that the defendant offered, or attempted to offer, some testimony to support his theory. The statement of Kimball tended to discredit this testimony and to destroy defendant's theory, since it, in effect, charged defendant with exceeding his lawful powers; that is to say, with the commission of an unlawful act. This opinion of the witness was received by the jurors with full knowledge that it was the opinion of one, who, by reason of the

parochial offices he had held, was peculiarly in a position to speak knowingly concerning the legality of the act he had observed. In these circumstances, it cannot be assumed that the statement of the witness did not, at least in some measure, influence the verdict.

In view of the fact that the case must be remanded for another trial, we do not deem it necessary to consider the questions raised by defendant's other bills.

For the reasons assigned, the conviction and sentence appealed from are annulled, and this case is remanded to the district court for a new trial.